## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

HOWARD KLOHR, PHYLLIS L. SMITH, and
TED BOWMAN,

      Plaintiffs,

v.

MID-CONTINENT EXCESS AND SURPLUS
INSURANCE COMPANY.

      Defendant.

_____

MID-CONTINENT EXCESS AND SURPLUS
INSURANCE COMPANY ,

      Counter-Plaintiff,

v.

HOWARD KLOHR, PHYLLIS L. SMITH, and
TED BOWMAN, TRACY A. WILLIAMS, and
FLORIDA STANDARDBRED BREEDERS &
OWNERS ASSN.,

      Counter-Defendants.

_____/

### MID-CONTINENT EXCESS AND SURPLUS INSURANCE COMPANY'S THIRD AMENDED COUNTERCLAIM FOR DECLARATORY RELIEF AND REFORMATION

Pursuant to Rule 13, Rule 19 and Rule 20, of the Federal Rules of Civil Procedure, and to this Court's Order [DE65] of January 7, 2019, Mid-Continent Excess and Surplus Insurance Company ("MCES") files its Third Amended Counterclaim for Declaratory Relief and Reformation against Howard Klohr ("Klohr"), Phyllis L. Smith ("Smith"), Ted Bowman ("Bowman"), Tracy A. Williams ("Williams") and Florida Standardbred Breeders & Owners Association, Inc. ("FSBOA") (collectively the "Counter-defendants"), as follows:

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

## NATURE OF ACTION

1.     This is an action for declaratory relief pursuant to 28 U.S.C. §§2201 and 2202 for the purpose of determining an actual controversy between the parties as to the scope of MCES's obligations, if any, to defend and/or indemnify Klohr, Smith and Bowman against a lawsuit filed by Williams.

2.     This is also an action in which MCES seeks the reformation of a commercial general liability policy that MCES issued to FSBOA in order that the policy properly expresses the intended identification of FSBOA as a "CORPORATION" rather than an "LLC" – as it respects the "Form of Business:" portion of the Declaration page.   The reformation sought by MCES is based upon (1) a mutual mistake by MCES and FSBOA; or in the alternative, (2) a unilateral mistake by MCES coupled with FSBOA's inequitable conduct.

## THE PARTIES

3.     MCES is a Delaware Corporation, with its principal place of business in the State of Oklahoma.

4.     At all times pertinent to this action, Klohr was and is a natural person and a citizen of the State of Florida.

5.     At all times pertinent to this action, Smith was and is a natural person and a citizen of the State of Florida.

6.     At all times pertinent to this action, Bowman was and is a natural person and a citizen of the State of Florida.

7.     At all times pertinent to this action, Williams was and is a natural person and a citizen of the State of Florida.

8.     FSBOA is a Florida corporation with its principal place of business in the State of Florida.

## FSBOA IS A NECESSARY AND PROPER PARTY TO THIS COUNTERCLAIM

9.      FSBOA is subject to service of process, and its joinder to this Counterclaim will not deprive this Court of subject-matter jurisdiction.

10.     FSBOA is a necessary and proper party to this action because, in its absence, the court cannot accord complete relief among the existing parties to the action.

11.     FSBOA has an interest relating to the subject of this action and is so situated that disposing of the action in FSBOA's absence may impair or impede FSBOA's ability to protect the interests.

12.     FSBOA has an interest relating to the subject of this action and is so situated that disposing of the action in FSBOA's absence may leave MCES subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

13.     The basis, in part, of Plaintiffs' action against MCES is their reliance that their membership with FSBOA included insurance coverage for Plaintiffs under the MCES policy, and also, in part, Plaintiffs' action is based on Plaintiffs' reliance on the typographical error in the MCES policy declaration page.

14.     FSBOA's membership requirements and membership benefits are known to, and between, FSBOA and Plaintiffs.

15.     MCES is not privy to the membership requirements and membership benefits provided by FSBOA to Plaintiffs.

16.     Based on the Plaintiffs' reliance on their membership with FSBOA to be the source of their insurance coverage, under the MCES policy, a declaration by this Court regarding insurance coverage to Plaintiffs under the MCES policy will impact FSBOA's interests in the MCES policy proceeds.

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

17.     FSBOA is a necessary and proper party to this action, in part, to protect its interests in the MCES policy proceeds.

18.     Based on the Plaintiffs' reliance on their membership with FSBOA to be the source of their insurance coverage under the MCES policy, an unfavorable declaration by this Court regarding insurance coverage to Plaintiffs is expected to result in subsequent litigation between Plaintiffs and FSBOA.

19.     FSBOA has an interest in potential liability for a subsequent action that is solely dependent upon on how the Court rules here; thus, FSBOA is a necessary and proper party to this action.

20.     Additionally, and in any such subsequent litigation, Plaintiffs would be seeking the identical monetary relief – albeit under different causes of action – and MCES would be called upon by FSBOA to provide it with a defense; thus, FSBOA's absence from this action would MCES to litigate the identical insurance coverage issues litigated in the instant action, plus the reformation counts that MCES seeks to have litigated here.

21.     FSBOA is a party to the insurance contract; thus, FSBOA has an interest as to any determination regarding coverage under that contract, particularly as Plaintiffs are expected to look to FSBOA in subsequent litigation.

22.     Such subsequent litigation subjects MCES to multiple and inconsistent rulings and/or obligations and also allows Plaintiffs a second chance to obtain insurance proceeds from the MCES policy issued to FSBOA.

23.     To the extent Plaintiffs are adjudicated to be "insureds" under the MCES Policy; FSBOA faces potential premium increases in future policies – regardless of the carrier.

24.     The reformation counts are intertwined with the declaratory judgment count, because – without the reformation counts – this Court will be interpreting the MCES policy with a typographical error; thus, prejudicing MCES.

25.     Without FSBOA's presence in this action, the typographical error that needs to be reformed may result in this Court declaring the Who Is An Insured provisions of the MCES policy to include consideration of FSBOA as a limited liability company – instead of a corporation; thereby, potentially finding one or more of the Plaintiffs qualifying as an "Insured" under the MCES policy; thus, prejudicing MCES.

26.     Without FSBOA's presence in this action, MCES cannot reform the policy to correct the typographical error, and the Court will be left to declare the rights and obligations of the remaining parties based on incorrect policy terms – with no binding effect on FSBOA; thus, MCES's interests with respect to its contractual obligations would be impeded and MCES would be prejudiced.

27.     Without FSBOA in this litigation, FSBOA would not be bound by any judgment in this action but would be free to address declaratory relief and reformation causes of action, and other related causes of action, in subsequent litigation; thus, MCES is subjected to the risk of multiple or inconsistent obligations.

## JURISDICTION AND VENUE

28.     MCES seeks a declaratory judgment to determine its rights and obligations, if any, to defend and indemnify Klohr, Smith and Bowman.

29.     MCES also seeks to have the MCES policy reformed to correct a typographical error that, left uncorrected, will result in this Court potentially interpreting improper provisions that may result in Plaintiffs' improper identification as "Insureds" under the MCES policy.

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

30.     Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest and costs.

31.     Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

32.     All conditions precedent to instituting this action have occurred, been performed, or have been waived.

## UNDERLYING ACTION

33.     This action arises, in part, from the underlying action captioned, *Tracy A. Williams v. PPI, Inc. d/b/a The Isle Casino and Racing at Pompano Park and/or Isle Casino Racing Pompano Park, et al.*, Broward County Circuit Court Case No. 16014910(25) ("Underlying Action").

34.     Williams filed her Amended Complaint for Damages against Klohr, Smith and Bowman, as well as PPI Inc. d/b/a The Isle Casino and Racing at Pompano Park and/or Isle Casino Racing Pompano Park (the "Isle"), and her action is premised bodily injuries Williams allegedly sustained while at the Isle Casino located at 1800 S.W. 3rd Street, Pompano Beach, Fl, 33069 on October 25, 2015 (the "Incident").  Williams' Amended Complaint is the underlying operative pleading and is attached as Exhibit "A".

35.     Williams is named herein because her rights may be affected by the Court's declarations in the within action.

36.     FSBOA is named herein because its rights may be affected by the Court's declarations in the within action.

6

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

37.     In her Amended Complaint, Williams asserts a one count of negligence against Klohr, Smith, Bowman and the Isle. *See* Ex. "A", ¶¶28-39.

38.     According to her Amended Complaint, a horse named and/or known as Sand Shark, while owned, managed and/or trained by the Isle, Smith, Bowman, and Khlor, or while in custody, control and/or care of the Isle, Smith, Bowman, and Khlor caused serious bodily and physical injuries to Williams, when such horse was permitted and/or allowed by the Isle and the Smith, Bowman, and Khlor to be involved in a race at the horse track. *See* Ex. "A", ¶10.

39.     In addition, Williams alleges that the Isle, Smith, Bowman, and Khlor committed acts that were a legal, direct, and proximate cause of the injuries to Williams. *See* Ex. "A", ¶16, 21.

## DECLARATORY ACTION

40.     This Counterclaim for declaratory relief arises, in part, from the declaratory action filed by Plaintiffs and captioned, *Howard Klohr, et al. v. Mid-Continent Excess and Surplus Insurance Company*, Palm Beach County Circuit Court Case No. 2017-CA-012278.

41.     The present action also involves the alleged Incident that occurred on October 25, 2015.

42.     Klohr, Smith and Bowman, filed their Amended Complaint for Declaratory Relief against MCES on November 27, 2017 and is generally premised on the allegations against Klohr, Smith and Bowman from the Underlying Action.  The Amended Complaint for Declaratory Relief is attached as Exhibit "B".

43.     Klohr, Smith and Bowman assert that they are all members of the Florida Standardbred Breeders and Owners Association ("FSBOA"). *See* Ex. "B", ¶5.

7

44.    Klohr, Smith and Bowman further assert that MCES issued a Commercial Liability Policy to FSBOA and that "[a]s a benefit for their payment of membership fees" to FSBOA Klohr, Smith and Bowman are "covered under the MCES policy issued to the FSBOA for their equine activities." *See* Ex. "B", ¶¶6-7.

45.    Additionally, the Amended Complaint for Declaratory Relief alleges that Williams was working as an independent contractor for the Isle, when she was injured by a gate that was allegedly swung open due to Sand Shark getting loose. *See* Ex. "B", ¶8.

46.    Moreover, Klohr, Smith and Bowman claim that they placed MCES on notice of the Underlying Action and tendered the claim to MCES for defense and indemnity, which MCES then denied coverage for, contending that Klohr, Smith and Bowman do not qualify as insureds under the policy. *See* Ex. "B", ¶¶10-11.

47.    Klohr, Smith and Bowman contend that they qualify as insureds under the policy issued to FSBOA as "members" of the association. *See* Ex. "B", ¶16.

48.    In the alternative, Klohr, Smith and Bowman assert that the policy is ambiguous and illusory under Florida law. *See* Ex. "B", ¶¶17-18.

49.    Klohr, Smith and Bowman request that this Court enter declaratory judgment in their favor and against MCES.

## MCES LIABILITY POLICY

50.    MCES issued a Commercial General Liability Insurance policy, number 09 – SL – 000007387 (the "Policy" or "MCES Policy"), to FSBOA for the policy period June 01, 2015 to June 01, 2016. The Policy is attached as Exhibit "C".

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

51.    The Policy misidentifies FSBOA as an "LLC" – rather than a "CORPORATION" – under the "Form of Business:" portion of the Declaration page.  Ex. "C", Declarations Page, p. 2 of 2.

52.    The renewal application related to the Policy, as supplied to MCES by FSBOA's insurance broker, Veracity Insurance Solutions, LLC, indicates that FSBOA is an LLC.   A redacted copy of page one of the renewal application is attached as Exhibit "D."

53.    The Policy has a $1,000,000 Each Occurrence Limit.  Ex. "C", Declarations Page, p. 2 of 2.

54.    The Policy includes form CG 21 44 07 98, which modifies insurance under Commercial General Liability Coverage Part as follows:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

**Premises:**

**Amante Standardbreds, Okeechobee FL**
**Aylor Farm, Bell FL**
**Bailey Farm, Deleon Springs FL**
**Bella Terra Farm, Morriston FL**
**Bilmar Ranch, Deleon Springs FL**

***

**George Birkhold Stable, Sarasota FL**
**Brad Komers Stable, Aderdeen NC**
**Brewer Farm, Astor FL**
**Bridges Farm, Osteen FL**
**Briggs Farm, Lakeland FL**

***

**Burden Farm, Newberry FL**
**Capall Farm, new Smyrna Beach FL**
**Carer Farm, Old Town FL**

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

Cedar Creek Farm, Trenton
Circle K Ranch, Osteen FL

\*\*\*

Cracker Farm, Plant City FL
DuPont Stable, Loxahatchee FL
Gillies Farm, Bell FL
James R Gluhm Stable, Trenton FL
Golden Cross Fam, Ocala FL

\*\*\*

Goldstar Farm, Bell FL
Goodman Farm, Loxahatchee FL
Warren Harp Stable, Bell FL
Hickstead Farm, Ocala FL
Kelley Farm, Bell FL

\*\*\*

Kelley Farm, Fellsmere FL
Lehmann Farm, Sarasota FL
McCreevy Farm, Trenton FL
Millard Farm, Bell FL
Mullins Farm, Bell FL

\*\*\*

Pacesetter Farm, Eustis FL
Parkside Farm, Osteen FL
Pfeiffer Farms, Ocala FL
Pinehurst Harness Track, Pinehurst NC
Pok a Dot Farm, Bell FL

\*\*\*

Prairie Bound Farm, Bell FL
Schaefer Farm, Okeechobee FL
Smiley Farms, Palm City FL
South Florida Trotting Center, Lake Worth FL
Sunshine Meadows Equestrain Village, Delray Beach FL

\*\*\*

Thompson Farm, Edgewater FL
Truro Raceway, Reddale Ontario
Wantz Farm, Deleon Springs FL
Williams Farm, Bell FL
Windsor Raceway, Windsor Ontario

\*\*\*

10

**Windswept Meadows Farm, Loxahatchee FL**
**Woodbine Racetrack, Campbellville Ontario**
**Working Farm, Old Town FL**

**Project:**
**During Track Days for FL. Standardbred Breeders**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

    **1.**    The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

    **2.**    The Project shown in the Schedule.

*See* Ex. "C", Form CG 21 44 07 98, p. 1 of 1 (10 pages).

    55.    The Policy includes form CG 00 01 04 13, which provides the following pertinent insuring agreement:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.**    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)**    The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

        **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*See* Ex. "C", Form CG 00 01 04 13, p. 1 of 16.

56. The Policy includes form ML 13 70 (11 11), which reads as follows:

### DEFINITION – OCCURRENCE

This Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to **SECTION V – DEFINITIONS**, the term "Occurrence" is amended to read as follows: :

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions which first becomes known by any person or organization on or after the date of the inception of this policy period, as shown in the Declarations Page of the policy but not prior to the earlier of the date of expiration or cancellation of this policy.

*See* Ex. "C", ML 13 70 (11 11), p. 1 of 1.

57. The Policy includes form CG 00 01 04 13, which provides the following pertinent Who is an Insured provision:

### SECTION II – WHO IS AN INSURED

12

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

1.    If you are designated in the Declarations as:

    a.    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    b.    A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    c.    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    e.    A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2.    Each of the following is also an insured:

    a.    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

        (1)    "Bodily injury" or "personal and advertising injury":

            (a)    To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

    **(b)**    To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1 )(a) above;

    **(c)**    For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph (1 )(a) or (b) above; or

    **(d)**    Arising out of his or her providing or failing to provide professional health care services.

    **(2)**    "Property damage" to property:

        **(a)**    Owned, occupied or used by;

        **(b)**    Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by; you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

**b.**    Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

**c.**    Any person or organization having proper temporary custody of your property if you die, but only:

    **(1)**    With respect to liability arising out of the maintenance or use of that property; and

    **(2)**    Until your legal representative has been appointed.

**d.**    Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.**    Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.**    Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

    **b.**    Coverage **A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

    **c.**    Coverage **B** does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

*See* Ex. "C", Form CG 00 01 04 13, p. 9 of 16.

58.    The Policy includes form CG 00 01 04 13, which provides the following pertinent exclusions:

    **2.**    **Exclusions**

    This insurance does not apply to:

                * * *

    **b.**    **Contractual Liability**

    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

    **(1)**    That the insured would have in the absence of the contract of agreement; or

    **(2)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . . .

                * * *

*See* Ex. "C", Form CG 00 01 04 13, p. 2 of 16.

59.    The Policy includes form CG 00 01 04 13, which provides the following pertinent definitions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

                * * *

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. . . .

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

6.    "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.

\* \* \*

*See* Ex. "C", Form CG 00 001 04 13, pp. 12-14 of 16.

60.    The Policy includes form CG 24 26 04 13, which modifies the definition of "insured contract" and reads as follows:

**AMENDMENT OF INSURED CONTRACT DEFINITION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the **Definitions** section is replaced by the following:

"Insured contract" means:

a.    A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

16

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

b.      A sidetrack agreement;

c.      Any easement or license agreement, except in connection with construction or demolition operations within 50 feet of any railroad or subway property;

d.      An obligation, as required by ordinance to indemnify a municipality, except in connection with work for a municipality;

e.      An elevator maintenance agreement;

f.      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\* \* \*

*See* Ex. "C", Form CG 24 26 04 13, p. 1 of 1.

61.     The Policy includes form ML 12 87 (11 04), which reads as follows:

**EXCLUSION – ATHLETIC PARTICIPANTS**

This insurance does not apply to **bodily injury** to any person engaged in:

1.      Any athletic exercise or sports activity; or
2.      Managing, coaching or supervising such activity which you sponsor or which is conducted on premises you own, rent or control.

**"Activity"** as used herein includes travel or activity in the course of travel to or from any destination for the purpose of practicing for or participating in any such athletic, exercise or sports activity.

*See* Ex. "C", Form ML 12 87 (11 04), p. 1 of 1.

\* \* \*

**COUNT I – NO COVERAGE UNDER WHO IS INSURED PROVISION**

62.     MCES re-alleges paragraphs 1 through 61 as paragraph 62 of Count I.

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

63.    There is no coverage under the Policy, including no duty to defend Klohr, Smith and Bowman and/or no duty to indemnify Klohr, Smith and Bowman, for the Underlying Action, because Klohr, Smith and Bowman do not qualify as an insured under the "Who Is Insured" provision of the Policy.

64.    In view of the foregoing an actual and present controversy exists between the parties, and this Court has the power to declare the rights and obligations of MCES, if any, to defend and/or indemnify defend Klohr, Smith and Bowman under the Policy.

**WHEREFORE,** MCES requests this Court:

a.    Take jurisdiction of this matter and determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

b.    Find and declare MCES has neither the duty to defend nor the duty to indemnify defend Klohr, Smith and Bowman for the Underlying Action; and

c.    Grant MCES the costs of this action and other relief as this Court deems equitable, just, and proper.

## COUNT II – NO COVERAGE UNDER INSURING AGREEMENT

65.    MCES re-alleges paragraphs 1 through 61 as paragraph 65 of Count II.

66.    There is no coverage under the insuring agreement of the Policy because Plaintiffs claims are not founded on "bodily injury" caused by an "occurrence."

67.    In view of the foregoing an actual and present controversy exists between the parties, and this Court has the power to declare the rights and obligations of MCES, if any, to defend and/or indemnify defend Klohr, Smith and Bowman under the Policy.

**WHEREFORE,** MCES requests this Court:

18

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

a. Take jurisdiction of this matter and determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

b. Find and declare MCES has neither the duty to defend nor the duty to indemnify defend Klohr, Smith and Bowman for the Underlying Action; and

c. Grant MCES the costs of this action and other relief as this Court deems equitable, just, and proper.

### COUNT III – NO COVERAGE FOR LIMITATIONS UNDER POLICY

68. MCES re-alleges paragraphs 1 through 61 as paragraph 68 of Count III.

69. There is no coverage under the Policy, including no duty to defend and/or duty to indemnify Klohr, Smith and Bowman for the Underlying Action, because the Underlying Action does not include Pompano Park or Track Day as a designated premises or project.

70. In view of the foregoing an actual and present controversy exists between the parties, and this Court has the power to declare the rights and obligations of MCES, if any, to indemnify Klohr, Smith and Bowman under the Policy.

**WHEREFORE,** MCES requests this Court:

a. Take jurisdiction of this matter and determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

b. Find and declare MCES has neither the duty to defend nor the duty to indemnify defend Klohr, Smith and Bowman for the Underlying Action; and

c. Grant MCES the costs of this action and other relief as this Court deems equitable, just, and proper.

### COUNT IV – NO COVERAGE UNDER EXCLUSIONS

71. MCES re-alleges paragraphs 1 through 61 as paragraph 71 of Count IV.

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

72.     There is no coverage under the Policy, including no duty to defend and/or duty to indemnify Klohr, Smith and Bowman for the Underlying Action, because coverage is precluded by the application of one or more of the foregoing exclusions identified above.

73.     In view of the foregoing an actual and present controversy exists between the parties, and this Court has the power to declare the rights and obligations of MCES, if any, to indemnify Klohr, Smith and Bowman under the Policy.

**WHEREFORE,** MCES requests this Court:

a.     Take jurisdiction of this matter and determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

b.     Find and declare MCES has neither the duty to defend nor the duty to indemnify defend Klohr, Smith and Bowman for the Underlying Action; and

c.     Grant MCES the costs of this action and other relief as this Court deems equitable, just, and proper.

## COUNT V – REFORMATION OF THE MCES POLICY DUE TO MUTUAL MISTAKE

74.     MCES realleges paragraphs 1 through 61 as paragraph 74 of Count V.

75.     The MCES policy is an insurance contract between FSBOA and MCES. Ex. C.

76.     None of the Plaintiffs are parties to the insurance contract between FSBOA and MCES.

77.     From the time of its creation, and at all times pertinent to this action, FSBOA was, and is, a Florida Corporation.

78.     FSBOA does not dispute that from the time of its creation, and at all times pertinent to this action, it was, and is, a Florida Corporation.

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

79.     At the time FSBOA applied for renewing its insurance coverage with MCES, and despite the fact FSBOA was a corporation, FSBOA was misidentified as an "LLC" on the application. Ex. "D."

80.     As a result of the misidentification on the application, MCES issued the policy with FSBOA being misidentified as an "LLC."

81.     As a result of the foregoing, the MCES Policy does not accurately express the intent of the parties to identify FSBOA as a "CORPORATION" on the Policy's Declaration page for the June 1, 2015 to June 1, 2016 policy period.

WHEREFORE, MCES requests this Court to:

a.     Reform the MCES policy to properly express the intended identification of FSBOA as a "CORPORATION" rather than an "LLC" – as it respects the "Form of Business:" portion of the Declaration page;

b.     Grant MCES any other relief the Court deems appropriate under the evidence and circumstances.

## COUNT VI – REFORMATION OF THE MCES POLICY DUE TO UNILATERAL MISTAKE

82.     MCES realleges paragraphs 1 through 61 as paragraph 82 of Count VI.

83.     The MCES policy is an insurance contract between FSBOA and MCES. Ex. C.

84.     None of the Plaintiffs are parties to the insurance contract between FSBOA and MCES.

85.     From the time of its creation, and at all times pertinent to this action, FSBOA was, and is, a Florida Corporation.

86.     FSBOA does not dispute that from the time of its creation, and at all times pertinent to this action, it was, and is, a Florida Corporation.

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

87.     At the time FSBOA applied for renewing its insurance coverage with MCES, and despite the fact FSBOA was a corporation, FSBOA was misidentified as an "LLC" on the application. Ex. "D."

88.     Through inadvertence, MCES identified FSBOA as an "LLC."

89.     FSBOA's failure to inform MCES of the mistake before the MCES Policy was issued to FSBOA constitutes inequitable conduct and/or misconduct on behalf of FSBOA.

90.     MCES's inadvertent inclusion of the incorrect type of business entity in the MCES Policy was the direct result of FSBOA's provision of the incorrect type of entity on its application for insurance.

91.     Due to FSBOA's failure to properly identify the type of entity on its application for insurance as a "corporation," FSBOA is not correctly identified on the MCES Policy's Declaration page.   Such inequitable conduct on the part of FSBOA may permit insurance coverage for individuals and/or entities that FSBOA and MCES never intended to be covered under the MCES Policy.

92.     As a result of the foregoing, the MCES Policy does not accurately express the intent of the parties to identify FSBOA as a "CORPORATION" on the Policy's Declaration.

WHEREFORE, MCES requests this Court to:

a.     Reform the MCES policy to properly express the intended identification of FSBOA as a "CORPORATION" rather than an "LLC" – as it respects the "Form of Business:" portion of the Declaration page;

b.     Grant MCES any other relief the Court deems appropriate under the evidence and circumstances.

CASE NO. 9:18-cv-80761 ROSENBERG/REINHART

Dated: January 11, 2019.

/s/*Edward T. Sylvester*
Edward T. Sylvester
Florida Bar No. 051612
esylvester@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard, Fourth Floor
Coral Gables, FL   33134-6044
(T): 305-358-7747; (F): 305-577-1063
*Attorneys for Plaintiff MCES*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2019, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing

to all counsel of record.

HINSHAW & CULBERTSON LLP

*s/ Edward Sylvester*
**EDWARD SYLVESTER**
Florida Bar No. 0051612
esylvester@hinshawlaw.com