UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80761-ROSENBERG/REINHART

HOWARD KLOHR, PHYLLIS L. SMITH, &
TED BOWMAN,

    Plaintiffs,

v.

MID-CONTINENT EXCESS AND
SURPLUS INSURANCE COMPANY,

    Defendant.
_____/

MID-CONTINENT EXCESS AND
SURPLUS INSURANCE COMPANY,

    Counter-Plaintiff,

v.

HOWARD KLOHR, PHYLLIS L. SMITH, &
TED BOWMAN,

    Counter-Defendants.
_____/

MID-CONTINENT EXCESS AND
SURPLUS INSURANCE COMPANY,

    Defendant/Counter-Plaintiff,

v.

TRACY A. WILLIAMS and FLORIDA
STANDARDBRED BREEDERS & OWNERS
ASSOCIATION, INC.,

    Third-Party Defendants.
_____/

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court on cross motions for summary judgment. Plaintiffs Howard Klohr, Phyllis Smith, and Ted Bowman ("Plaintiffs") filed a Motion for Summary Judgment ("Plaintiff's Motion") at DE 103, which incorporated Plaintiff's Statement of Facts ("Plaintiffs' SOF") into the body of the Motion.[1] Defendant Mid Continent Excess and Surplus Insurance Company ("MCES" or "Defendant") filed a Response at DE 111 and a responsive Statement of Facts ("Def. Resp. SOF") at DE 110. Plaintiffs did not reply in the time provided by Local Rule 7.1(c)(1),[2] so Plaintiffs' Motion is ripe for review without a reply.

Defendant MCES also filed a Motion for Summary Judgment ("Defendant's Motion") at DE 104, with an accompanying Statement of Facts ("Defendant's SOF") at DE 102. Plaintiffs responded at DE 109. Plaintiffs did not file a responsive statement of facts; the facts contained within Defendant's SOF are therefore deemed admitted. *See* Local Rule 56.1(b); Fed. R. Civ. P. 56(e).[3] Defendant filed its Reply at DE 113. Defendant's Motion is therefore also ripe for review.

---

[1] The Court notes that Plaintiff's Statement of Facts, found at pages 2 and 3 of Plaintiff's Motion, does not comply with this Court's Trial Order, as Plaintiff's SOF was not filed separately as required by this Court's Trial Order. Order, DE 12, 10 ("A statement of material facts shall be a separate filing from a motion for summary judgment.").

In addition, Plaintiff's SOF fails to make citations to the record evidence, and therefore does not comply with Federal Rule of Civil Procedure 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record…or showing that the materials cited do not establish the absence or presence of a genuine dispute…"); Local Rule 56.1 ("The statement shall:…Be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court…") ; or this Court's Trial Order, DE 12, 10 ("Each material fact in the statement that requires evidentiary support shall be supported by a specific citation."). The Trial Order specifically warns litigants that "[i]n the event a party fails to comply with the requirements delineated in this section, the Court may….grant an opposing party relief, or enter any other sanction that the Court deems appropriate. Order, DE 12, 12; *see also* Fed. R. Civ. P. 56(e)(4).

[2] The Court inquired at the Status Conference held on April 17, 2019 regarding the lack of reply and Plaintiffs confirmed that they had not filed a reply and that their Motion was ripe for review, without a reply. *See* DE 117.

[3] Plaintiffs acknowledged on the record at the Status Conference held on April 17, 2019 that this was the effect of their failure to respond to Defendant's SOF. *See* DE 117.

I.  **BACKGROUND**[4]

Plaintiffs initially filed this declaratory judgment action in state court in November of 2017, seeking a declaration of coverage for an underlying, state tort case. Am. Compl., DE 1-1. In the underlying tort action, Tracy Williams ("Williams") filed suit against Plaintiffs Klohr and Smith, as owners/managers of a racing horse named "Sandshark," and Plaintiff Bowman, as the driver of Sandshark, among others, for injuries Ms. Williams sustained that were caused by Sandshark. Am. Compl. Exhibit B, DE 1-1, 66. While participating in a competition at Isle Casino Racing Pampano Park, Williams suffered "serious bodily" injuries when Sandshark struck her and/or caused a gate to strike her. *Id.* at 67.

Defendant MCES removed the action to federal court on June 12, 2018. DE 1. After litigating a number of motions to dismiss, MCES filed its Third Amended Counterclaim (the "Counterclaim") at DE 66. Through its Counterclaim, MCES brought Ms. Williams and Florida Standardbred Breeders & Owners Association ("FSBOA") into the action as counter-defendants. FSBOA is a Florida corporation, Def. SOF., DE 102, ¶ 8. FSBOA is the named insured of the commercial liability insurance policy issued by MCES (the "Policy") under which Plaintiffs allege Defendant owes them the duties of defense and indemnification. *See* DE 102-1, Exhibit 1.

In this case, the only issue is whether MCES-FSBOA Policy provides coverage to Klohr, Smith, and Bowman in defending against Williams' tort case.

---

[4] The facts here are derived from the Plaintiffs' Amended Complaint, DE 1-1, Defendant's Third Amended Counterclaim ("Def. Countercl."), DE 66, and Defendant's SOF, DE 102, which have been deemed admitted (*see above*).

## II.     SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), the summary judgment movant must demonstrate that "there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

"When the only question a court must decide is a question of law, summary judgment may be granted." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). Contract and statutory interpretation are both questions of law appropriately decided on summary judgment. *Id.*

## III.    INSURANCE CONTRACT CONSTRUCTION PRINCIPLES

Florida law requires that insurance contracts be given their clear and plain meaning and

prohibits courts from rewriting contracts, adding meaning that is not present, or otherwise reaching results contrary to the intentions of the parties. *See, e.g., Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005). "Moreover, if a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Id*. (internal quotations omitted). A contract is ambiguous only when it is susceptible to two or more reasonable interpretations. *Cont. Cas. Co. v. Wendt,* 205 F.3d 1258, 1261 (11th Cir. 2000).

### IV. DISCUSSION

Defendant MCES first argues in its Motion that the MCES-FSBOA Policy must be reformed, because the Policy identifies FSBOA as an LLC, even though it is undisputed that FSBOA is a corporation. Def. Mot., DE 104, 4–5. Second, Defendant argues that in any event, Plaintiffs are not covered insureds under the Policy. *Id.* at 6. Third, Defendant argues that an athletic participation exclusion in the Policy precludes coverage because Williams was engaged in an athletic activity at the time of her injuries. *Id.* at 14.

In their own Motion, Plaintiffs argue that they are entitled to summary judgment because the athletic participation exclusion does not apply, and because Defendant misconstrues a provision limiting coverage to designated premises. *See* Pl. Mot., DE 103, 6, 8.

A. Reformation

The Court addresses Defendant's arguments for reformation first, before addressing the parties' additional arguments regarding coverage. *Cf. Regions Bank v. Commonwealth Land Title Inc. Co.*, No. 11-23257, 2013 WL 3279799 at *3 (S.D. Fla. June 27, 2013) ("It naturally follows

5

that in order to accurately decide a party's obligations under a contract a court should begin by analyzing the parties' actual agreement, as reformed, so as to not be misled by a mutual mistake.").

In Florida, "[a] court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties." *Essex Ins. Co. v. Tina Marie Entm't, LLC*, 602 F. App'x 471, 473 (11th Cir. 2015) (quoting *Providence Square Ass'n, Inc. v. Biancardi*, 507 So. 2d 1366, 1369 (Fla. 1987)). *See also Barber v. America's Wholesale Lender*, 542 F. App'x 832, 837 (11th Cir. 2013); *Tobin v. Mich. Mut. Ins. Co.*, 948 So. 2d 692, 696 (Fla. 2006). "The rationale for reformation is that a court sitting in equity does not alter the parties' agreement, but allows the defective instrument to be corrected to reflect the true terms of the agreement the parties actually reached." *Barber*, 542 F. App'x at 837 (citing *Circle Mortgage Corp. v. Kline*, 645 So. 2d 75, 78 (Fla. Dist. Ct. App. 1994)). "A mistake is mutual when the parties agree to one thing and then, *due to either a scrivener's error or inadvertence*, express something different in the written instrument." *Plantation Key Office Park, LLLP v. Pass Int'l, Inc.*, 110 So. 3d 505, 508 (Fla. Dist. Ct. App. 2013) (emphasis added) (quoting *BrandsMart U.S.A. of W. Palm Beach, Inc. v. DR Lakes, Inc.*, 901 So. 2d 1004, 1005–06 (Fla. Dist. Ct. App. 2005)). The party seeking reformation has a high evidentiary burden: "That party must show by clear and convincing evidence 'that the parties [to the contract] agreed on one thing and when they put it in the contract they said something different.'" *Essex*, 602 F. App'x at 473 (citing *Blumberg v. Am. Fire & Cas. Co.*, 51 So. 2d 182, 184 (Fla. 1951)). "'Clear and convincing evidence' is evidence that 'produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.'" *Id.* (quoting *S. Fla. Water Mgmt. Dist. v. RLI Live Oak, LLC*, 139 So. 3d 869, 872 (Fla. 2014)).

6

Here, the record is clear that FSBOA is, and always has been, a corporation, not an LLC. *See* Def. SOF., DE 102, ¶¶ 8–19. Plaintiffs have admitted these facts by failing to respond to Defendant's SOF. *See* page 2 *supra*; L.R. 56.1. *See also United States v. Marder*, 183 F. Supp. 3d 1231, 1235 (explaining that "local rules have 'the force of law'" and that "litigants ignore them at their [own] peril") (citations omitted). Plaintiffs respond to Defendant's Motion by explaining that the FSBOA had a contractual duty to provide liability insurance for its dues-paying members by virtue of a separate contract with the Isle Casino Racing Pompano Park and by indicating that the FSBOA President and insurance broker *believed* that there would be coverage over the underlying state tort action. *See* Pl. Resp., DE 109, 2–3. This evidence does not refute the mutual mistake made in the Policy Declarations Page; Plaintiffs (or any other party in this action) have not directly addressed Defendant's contention that the Policy must be reformed to reflect FSBOA's status as a corporation. *See id.* Thus, although Defendant's burden to prove its entitlement to reformation is high, Defendant has met this burden with clear, convincing, and unrefuted evidence that FSBOA is a corporation. Indeed, it would be illogical to conclude that the Policy was *intended* by the parties to insure an LLC that does not exist.

Accordingly, Defendant is entitled to summary judgment on its counterclaim for reformation (subpart III-A of Defendant's Motion). As a matter of law, the declarations pages of the Policy should indicate that the "Named Insured" is a corporation. *See* DE 102-1, Exhibit 1. The Court will proceed to analyze the parties' remaining arguments with the understanding that the Policy's Named Insured is FSBOA, a corporation.

B. <u>Who is an Insured</u>

Defendant next argues that it has no duty to defend or indemnify the Plaintiffs in the underlying tort action because none of the Plaintiffs qualify as insureds under the Policy. Plaintiffs resist this conclusion by arguing that a determination that the Plaintiffs are not insureds would render the Policy illusory. *See* Pl. Resp., DE 109, 4.

"Generally, '[u]nder Florida law, an insurance provider's duty to defend an insured party depends solely on the facts and legal theories alleged in the pleadings and claims against the insured.'" *Medmarc Cas. Ins. Co. v. Spinefrontier, Inc.*, No. 17-22875-CIV, 2018 WL 4682785 at *2 (S.D. Fla. Sept. 28, 2018) (quoting *Stephens v. Mid-continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014)). "However, Florida courts have noted an exception to these general rules in the context of an insurer's duty to defend a party claiming to be an additional insured under a policy of insurance." *Id.* (citing *Nateman v. Harford Cas. Ins. Co.*, 544 So. 2d 1026, 1027 (Fla. Dist. Ct. App. 1989)). Accordingly, the Court will address whether the Plaintiffs qualify as insureds under the Policy, prior to addressing Defendant's and Plaintiffs' additional arguments relating to coverage.

The clear, unambiguous meaning of the Policy supports Defendant's position that the Plaintiffs do not qualify as insureds. Section II of the Policy, "Who is an Insured" states as follows:

**SECTION II – WHO IS AN INSURED**
1. If you are designated in the Declarations as:
    a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
    b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
    c. A limited liability company, you are an insured. Your members are

8

>  > also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>  > *d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.*
>  > e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

Def. SOF., DE 102, ¶ 3 (emphasis added).

FSBOA only qualifies under subsection (d), because it is an "organization, other than a partnership, joint venture, or limited liability company." *Id.* Therefore, the only insureds would be executive officers, directors, and stockholders. *Id.* It is undisputed that none of the Plaintiffs are executive officers, directors, or stockholders. *Id.* ¶¶ 20–22. Therefore, Plaintiffs do not qualify as insureds under Section II-1 of the Policy. *See id.* ¶ 3.

Subsection 2 of Section II of the Policy also identifies volunteer workers and employees as individuals who qualify as insureds. *See id.* It is undisputed that Plaintiffs are not volunteer workers or employees of FSBOA. *Id.* ¶¶ 23–24. Therefore, Plaintiffs do not qualify as insureds under Section II-2 of the Policy either. *See id.* ¶ 3.

Thus, based on the undisputed facts of the case and the plain meaning of the Policy, none of the Plaintiffs qualify as insureds. Plaintiffs argue that this reading of the Policy would render the Policy illusory. Pl. Resp., DE 109. Plaintiffs cite to one case to support this proposition, *Purelli v. State Farm Fire & Cas. Co.*, 698 So. 2d 618 (Fla. Dist. Ct. App. 1997). *Purelli* presented a circumstance in which the plain language of the subject insurance policy was contradictory – the insurance policy purported to insure against claims for invasion of privacy (an intentional tort), but then expressly excluded acts "intended" by the insured. *Id.* at 619–620. "A policy is illusory

9

only if there is an internal contradiction that completely negates the coverage it expresses to provide." *Warwick Corp. v. Turetsky*, 227 So. 3d 621, 625 (Fla. Dist. Ct. App. 2017). *Purelli* presents just this situation – the policy at issue appeared to grant coverage over invasion of privacy claims in one provision, and then took away that coverage in yet another provision. *Purelli*, 698 So. 2d at 620. Thus, the policy was ambiguous and was interpreted in favor of the insured. *Id.* at 621. *Purelli* is inapposite to the case at bar. Unlike in *Purelli*, Plaintiffs cite to *no* provisions of the policy that are directly contradictory such that the Policy would be rendered illusory.

Finally, the Policy contains no additional insured endorsements, nor do the Plaintiffs qualify as indemnitees under the Supplementary Payments provision of the Policy. *See* Def. SOF, DE 102, ¶¶ 1, 5–6; *see also* Def. Mot., DE 104, 13. A contract is required to qualify as an indemnitee under the Supplementary Payments provision. *See* Def. SOF, DE 102, ¶¶ 15–6. Here, it is undisputed that no such contract exists. *See id.* ¶ 29.

Thus, the Plaintiffs do not qualify as insureds, nor as additional indemnitees, under the Policy; Defendant has no duty to defend or duty to indemnify Plaintiffs in the underlying state tort action.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that the Policy must be reformed to reflect FSBOA's status as a corporation, and that the Plaintiffs do not qualify as insureds under the Policy as a matter of law. As a result, Defendant is entitled to summary judgment against Plaintiffs, Ms. Williams, and FSBOA on its counterclaim for reformation of the contract to properly indicate FSBOA's corporate nature. Defendant is also entitled to summary judgment against Plaintiffs insofar as MCES has no duty to defend or to indemnify the Plaintiffs in the underlying state tort

action by Ms. Williams. Because the Court concludes that Defendant does not have a duty to defend or indemnify Plaintiffs, Plaintiffs' Motion for Summary Judgment must also be denied, as the Policy does not provide coverage to the Plaintiffs at all.

It is hereby **ORDERED** and **ADJUDGED**

1. Defendant's Motion for Summary Judgment [DE 104] is **GRANTED** as to Defendant's Counterclaim for Reformation (Def. Mot., DE 104, subpart III-A).

2. Defendant's Motion for Summary Judgment [DE 104] is **GRANTED** as to Plaintiffs' claims that Defendant has a duty to defend and a duty to indemnify Plaintiffs (Def. Mot., DE 104, subpart III-B).

3. Plaintiffs' Motion for Summary Judgment [DE 103] is **DENIED**.

4. Defendant's request for attorney's fees, *see* Def. Reply, DE 113, 3, is **DENIED**.

5. Defendant MCES is **ORDERED** to email a proposed Final Judgment Order in Word format to the Court (Rosenberg@flsd.uscourts.gov), and copying all counsel of record, within three business days of the rendition of this Order.

6. The Clerk of the Court shall **CLOSE** this case.

7. All remaining, pending motions are hereby **DENIED AS MOOT**. All deadlines and hearings are **CANCELLED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of April, 2019.

Copies furnished to:  
Counsel of Record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE